**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **MARY BARNES** | * | **CIVIL ACTION NO. 20-1375** |
| **Plaintiff** | * | |
| | * | **SECTION** |
| **VERSUS** | * | |
| | * | **JUDGE** |
| **OMNI NEW ORLEANS CORPORATION,** | * | |
| **OMNI HOTELS MANAGEMENT** | * | **MAGISTRATE** |
| **CORPORATION, AND NORTH AMERICAN** | * | |
| **RISK SERVICES, INC.** | * | **A JURY IS DEMANDED** |
| **Defendants.** | * | |

* * * * * * * * * * * * * * * * * * * * * * *

**ANSWER TO COMPLAINT/PETITION FOR DAMAGES**

**NOW INTO COURT,** through undersigned counsel, comes Defendant, AXIS Insurance Company (hereinafter "Defendant"), who responds to Plaintiff's Complaint/Petition for Damages by averring as follows:

**FIRST AFFIRMATIVE DEFENSE**

Defendant affirmatively alleges that Plaintiff has failed to state a claim or cause of action against Defendants.

**SECOND AFFIRMATIVE DEFENSE**

Defendant prays for and demands a trial by jury.

**THIRD AFFIRMATIVE DEFENSE**

Defendant affirmatively asserts that in the event that Plaintiff receives any payments or contribution from any other source, Defendants are entitled to and requests a credit for any payment which has been made or may be made in the future.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant affirmatively alleges that Plaintiff failed to mitigate her damages, which bars or diminishes recovery by Plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant affirmatively alleges the defenses of prescription, estoppel, waiver, and offset.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant affirmatively alleges that Plaintiff's alleged damages were caused by persons or parties over whom Defendants exercise no authority, jurisdiction, control, and supervision, and for whom Defendants are not legally responsible.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant affirmatively alleges that Plaintiff is comparatively at fault for the damages which are the subject of the captioned matter.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant pleads the terms, conditions, provisions, exclusions, and limitations of any and all contracts or agreements between the parties of this litigation and/or other entities not made parties to this litigation as if copied herein *in extenso*, including any and all rights and defenses that may be available to Defendants.

**NINTH AFFIRMATIVE DEFENSE**

Defendant affirmatively asserts the defenses of peremption.

**TENTH AFFIRMATIVE DEFENSE**

Defendant affirmatively asserts the affirmative defenses under La. Civil Code 9:2771.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant affirmatively asserts the affirmative defenses under La. Civil Code 9:2772.

**AND NOW,** in response to the numbered paragraphs of the Complaint/Petition, Defendant responds as follows:

1.

The allegations of paragraph 1 of the Complaint/Petition are not directed to this Defendant. To the extent a response to the allegations is required, the allegations are denied for lack of sufficient information to justify a belief therein.

2.

The allegations of paragraph 2 of the Complaint/Petition are not directed to this Defendant. To the extent a response to the allegations is required, the allegations are denied because they state legal conclusions.

3.

The allegations of paragraph 3 of the Complaint/Petition are not directed to this Defendant. To the extent a response to the allegations is required, the allegations are denied because they state legal conclusions.

4.

The allegations of paragraph 4 of the Complaint/Petition are denied.

5.

The allegations of paragraph 5 of the Complaint/Petition are denied for lack of sufficient information to justify a belief therein.

6.

The allegations of paragraph 6 of the Complaint/Petition are denied for lack of sufficient information to justify a belief therein.

7.

The allegations of paragraph 7 of the Complaint/Petition are denied.

8.

The allegations of paragraph 8 of the Complaint/Petition are denied.

9.

The allegations of paragraph 9 of the Complaint/Petition are denied.

10.

The allegations of paragraph 10 of the Complaint/Petition are denied.

11.

The allegations of paragraph 11 of the Complaint/Petition, including subparagraphs (A) through (M), are denied for lack of sufficient information to justify a belief therein.

12.

The allegations of paragraph 12 of the Complaint/Petition are denied.

13.

The allegations of paragraph 13 of the Complaint/Petition are denied.

14.

The allegations of paragraph 14 of the Complaint/Petition, including subparagraphs (A) through (H), are denied.

15.

The allegations of paragraph 15 of the Complaint/Petition are denied because they state legal conclusions.

16.

The allegations of paragraph 16 of the Complaint/Petition are denied for lack of sufficient information to justify a belief therein.

17.

The allegations of paragraph 17 of the Complaint/Petition are not directed to this Defendant. To the extent a response is required, it is admitted Plaintiff requests a trial by jury.

18.

To the extent Plaintiff's WHEREFORE/Prayer paragraphs of the Complaint/Petition requires a response from Defendant, said allegations are denied.

19.

Defendant prays for and demands a jury on all issues.

**WHEREFORE**, Defendant, AXIS Insurance Company, prays that its Answer to Plaintiff's Complaint/Petition be deemed good and sufficient, and after due proceedings had, there be judgment herein rejecting Plaintiff's demand with prejudice at Plaintiff's costs. Defendant demands a jury trial on all issues.

Respectfully Submitted:

/s/ E. Madison Barton

**KYLE P. KIRSCH (26363)**
**E. MADISON BARTON (36719)**
**MAX C. HADLEY (38764)**
**WANEK KIRSCH DAVIES LLC**
1340 Poydras Street, Suite 2000
New Orleans, LA 70112
Telephone: 504-324-6493
Facsimile: 504-324-6626
***Attorneys for Defendants***

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing was sent via electronic mail to all counsel of record and filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system this 6th day of May, 2020.

/s/ E. Madison Barton